RECEIVED
APR 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the
United States District Court
for the District of Columbia

| | |
|---|---|
| Oscar Eliseo Medelius-Rodriguez<br>Plaintiff<br><br>v<br><br>The United States Citizenship and<br>Immigration Services (USCIS)<br>Defendant | Civil Action No<br>08-0352-PLF<br><br>Motion for a Temporary Restraining Order, or in the Alternative for a Preliminary Injuction Order as <u>Emergency Action</u> |

Plaintiff Oscar Eliseo Medelius-Rodriguez pursuant to <u>Rule 65 Fed. R. Civ. Proc.</u>, moves this Court for a Temporary Restraining Order, or in the Alternative, for a Preliminary Injuction Order to Prohibit the United States the Execution of the U.S. Secretary of State's Extradition-Warrant for the Plaintiff's Surrender to the Republic of Peru until there is a Judgment in this Civil Action to determine the matter in Dispute.

### Factual Background

1.- The Republic of Peru requested to the United States the Plaintiff's Extradition only after, and because of,

THE UNLAWFUL AND UNCONSTITUTIONAL DISCLOSURE OF HIS LOCATION IN THIS COUNTRY BY DEFENDANT'S OFFICERS. SEE COMPLAINT §§ 8, 9, 10 & 11.

2.- DESPITE THE CONSTITUTIONAL MAGNITUDE OF THE FEDERAL LAW VIOLATIONS, THE U.S. SECRETARY OF STATE HAS ORDERED THE PLAINTIFF'S SURRENDER TO THE REPUBLIC OF PERU.

## ARGUMENT

3.- IN ORDER TO EXTRADITE; THE EXISTENCE OF AN EXTRADITION TREATY IS A REQUIREMENT. SEE 18 U.S.C § 3184

4.- WHEN PLAINTIFF FILED HIS ASYLUM PETITION IT WAS IN FORCE THE EXTRADITION TREATY SIGNED ON NOVEMBER 28, 1889 BY THE REPUBLIC OF PERU AND THE UNITED STATES WHICH ENTERED INTO FORCE ON FEBRUARY 22, 1901. SEE 31 STAT. 1921.

5.- THE PLAINTIFF'S EXTRADITION WAS REQUESTED UNDER A NEW EXTRADITION TREATY SIGNED BY THE SAME COUNTRIES ON JULY 26, 2001, WHICH ENTERED INTO FORCE ON AUGUST 25, 2003 WITH THE U.S SENATE RATIFICATION. SEE TREATY DOC 107-6

6.- THE UNITED STATES SENATE GAVE ITS ADVICE AND CONSENT TO THE AFOREMENTIONED TREATY ON AUGUST 25, 2003 SUBJECT TO THE CONDITION THAT: "... NOTHING IN THE TREATY REQUIRES OR AUTHORIZES... ACTION BY THE UNITED STATES THAT IS PROHIBITED

BY THE CONSTITUTION OF THE UNITED STATES..." SEE TREATY, TITLE VII (RESOLUTION OF ADVICE AND CONSENT) §3 (CONDITION)

7.- THIS CONDITION IS **MANDATORY** AND REQUIRES THAT THE U.S. EXECUTIVE BRANCH'S CONDUCT FOR THE ENFORCEMENT OF THE TREATY MUST RESPECT THE U.S. CONSTITUTION.

8.- THE CONSTITUTION IS THE SOURCE OF THE PRESIDENT'S AUTHORITY TO MAKE TREATIES AND OF THE SENATE'S AUTHORITY TO GIVE "ADVICE AND CONSENT". BUT THE SAME CONSTITUTION PRESCRIBES LIMITS ON THE GOVERNMENT'S AUTHORITY TO ENFORCE THE TREATIES. CONSEQUENTLY, THE U.S. GOVERNMENT MUST, IN CARRYING OUT ITS TREATY OBLIGATIONS, CONFORM ITS CONDUCT TO THE REQUIREMENTS OF THE CONSTITUTION BECAUSE TREATY OBLIGATIONS CANNOT JUSTIFY OTHERWISE UNCONSTITUTIONAL GOVERNMENTAL CONDUCT. SEE REID v COVERT, 354 U.S. 1, 16-19 (1957) (THE "TREATY MAY AUTHORIZE ONLY SUCH GOVERNMENTAL ACTION AS IS IN CONFORMITY WITH THE CONSTITUTION.").

9.- CORRESPONDINGLY, THE U.S SECRETARY OF STATE'S DISCRETION TO DECIDE WHETHER A PERSON WILL BE SURRENDERED IS LIMITED, NEVER ABSOLUTE, BECAUSE IF THAT DECISION IGNORES CONSTITUTIONAL VIOLATIONS COMMITTED FOR THE ENFORCEMENT OF THE TREATY, A JUDICIAL FORUM MUST BE GIVEN TO ENTERTAIN THAT CLAIMS; PRECLUDING THIS REVIEW WOULD BE CONTRARY TO THE CONSTITUTION AND THE CLEAR SENATE'S CONSENT.

10.- THEN, NO FEDERAL REGULATION CAN PRECLUDE REVIEW OF THE

SECRETARY'S DECISION TO EXTRADITE WHEN CONSTITUTIONAL CLAIMS ARE INVOLVED.

## Petition

11.- PLAINTIFF IS MOVING FOR A TEMPORARY RESTRAINING ORDER, OR IN ALTERNATIVE, FOR A PRELIMINARY INJUCTION ORDER, TO PROHIBIT THE UNITED STATES THE EXECUTION OF THE SECRETARY OF STATE'S DECISION FOR HIS SURRENDER TO THE REPUBLIC OF PERU, UNTIL THERE IS A JUDGMENT IN THIS CIVIL ACTION TO DETERMINE WHETHER FEDERAL LAW OR CONSTITUTIONAL VIOLATIONS WERE COMMITTED TO ENFORCE THE EXTRADITION TREATY.

12.- WITHOUT THE ORDER REQUESTED, THE U.S SECRETARY OF STATE'S DECISION WOULD BE EXECUTED AND THE UNITED STATES WILL IRREPARABLY HARM THE PLAINTIFF'S ABILITY TO ENFORCE HIS CONSTITUTIONAL RIGHTS.

## Conclusion

BY THE AFOREMENTIONED REASONS THE ORDER REQUESTED SHOULD BE GRANTED, AS AN **EMERGENCY ACTION**

RESPECTFULLY SUBMITTED.

OSCAR E. MEDELIUS-RODRIGUEZ
c/o WAKE COUNTY JAIL
P.O. Box 2419 - RALEIGH, NC 27602

RECEIVED

APR 1 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the
United States District Court
For the District of Columbia

Civil Action No.
08-0352-PLF

Oscar Eliseo Medelius-Rodriguez
  Plaintiff

v

The United States Citizenship and
Immigration Services (USCIS)
  Defendant

Affidavit in support of Motion for a Temporary Restraining Order, or in the Alternative, for a Preliminary Injuction Order.

Plaintiff Oscar Eliseo Medelius in affidavit deposes and says:

1.- That there is a U.S. Secretary of State's decision which authorizes his surrender to the Republic of Peru

2.- That the Peruvian prosecution is malicious and unconstitutional because in the year 2000 the Peruvian Court of Appeals in final decision established with res-judicata authority that no offense was committed in the plaintiff's political party registration. Despite this decision the new Peruvian government reopened the case in the year 2001 in clear violation of Peruvian Constitution.

3.- THAT HE CAME TO THE UNITED STATES AS POLITICAL PERSECUTED, AND NO AS FUGITIVE, LOOKING FOR HUMANITARIAN PROTECTION AGAINST THE MALICIOUS AND UNCONSTITUTIONAL PROSECUTION AMOUNTED TO POLITICAL PERSECUTION.

4.- THAT HIS ASYLUM APPLICATION, WHERE HE DECLARED AS HIS RESIDENCE IN PATERSON (NEW JERSEY), WAS RECEIVED COMPLETE ON DECEMBER 17, 2001 AND PERMIT TO REMAIN IN THE UNITED STATES WAS GRANTED.

5.- THAT IN THE YEAR 2002 AND 2003 HE FILED HIS EMPLOYMENT AUTHORIZATION APPLICATION WITH THE VERMONT SERVICE CENTER OF USCIS (DEFENDANT) WHERE HE STATED HIS RESIDENCE IN PATERSON (NEW JERSEY) AND HIS LEGAL STATUS.

6.- THAT HE DECLARED HIS PRESENCE AND LOCATION IN THE UNITED STATES BECAUSE THE SAFEGUARDS OF PRIVACY AND CONFIDENTIALITY GRANTED BY FEDERAL LAW TO PROTECT HIM AGAINST RETALIATORY MEASURES AS EXTRADITION.

7.- THAT DESPITE THAT HIS INFORMATION WAS PART OF THE EMPLOYMENT VERIFICATION SYSTEM, THE VERMONT SERVICE CENTER OF THE USCIS (DEFENDANT) DISCLOSED AFFIANT'S LOCATION IN PATERSON (NEW JERSEY) AND HIS LEGAL STATUS TO REPUBLIC OF PERU, THROUGH INTERPOL.

8.- This disclosure was the proximate cause why the Republic of Peru began extradition request against affiant.

9.- This breach of confidentiality and privacy has affected affiant's liberty.

10.- The Vermont Service Center of the USCIS (Defendant)'s disclosure had as only purpose to enforce extradition.

11.- Any U.S. enforcement agency could disclose since 2001 affiant's location in the United States; the only agency which was forbidden to do it was the defendant.

12.- Until now affiant has not had a judicial forum to entertain these claims.

13.- Affiant will suffer irreparable harm if he is extradited without a prior decision in his constitutional claims.

14.- Affiant has not served a copy to others parties of this document because no attorney has yet appeared in the case.

15.- No prior application for relief sought in this motion has been made.

p. 4 of 4

WHEREFORE, AND BECAUSE OF THE URGENCY OF THE SITUATION, THE COURT SHOULD GRANT A TEMPORARY RESTRAINING ORDER OR, IN THE ALTERNATIVE, A PRELIMINARY INJUCTION TO PROHIBIT AFFIANT'S SURRENDER TO PERU UNTIL A JUDGMENT ABOUT THE ALLEGED CONSTITUTIONAL VIOLATIONS COMMITTED FOR THE ENFORCEMENT OF THE TREATY WOULD HAVE BEEN REACHED.

RESPECTFULLY SUBMITTED.

Oscar E. Medelius-Rodriguez
c/o Wake County Jail
P.O. Box 2419
Raleigh, NC 27602

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON APRIL 14TH, 2008

Oscar Eliseo Medelius-Rodriguez