```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

OSCAR ELISEO MEDELIUS-         )
RODRIGUEZ,                     )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civ. No. 08-00352 PLF
                               )
UNITED STATES CITIZENSHIP      )
IMMIGRATION SERVICES, et al., )
                               )
          Defendants.          )
```

### DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1)and 12(b)(6) of the Federal Rules of Civil Procedure, defendants (the U.S. Citizenship and Immigration Services, the Secretary of State, and the U.S. Marshals Service) hereby move to dismiss the complaint or, in the alternative, for summary judgment (a) because plaintiff does not have standing to pursue this action, given his extradition to Peru in April 2008, and (b)because the doctrines of res judicata and collateral estoppel bar this action, given the adverse ruling made in other federal court litigation where plaintiff raised the same issue that he raises in this case, the unconstitutionality of the release of information to Interpol. It follows that the complaint should be dismissed.

If the Court decides to treat this motion as one for summary judgment, plaintiff should take notice that any properly supported factual assertions contained in the motion may be accepted by the Court as true unless plaintiff submits his own declara-

tions or other documentary evidence contradicting the assertions made by the defendant.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

        Respectfully submitted,

        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney
          /s/
        FRED E. HAYNES,  D.C. Bar #165654
        Assistant United States Attorney
        555 Fourth Street, N.W., Rm. E-4110
        Washington, D.C.  20530
        (202) 514-7201

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

OSCAR ELISEO MEDELIUS-        )
RODRIGUEZ,                    )
                              )
         Plaintiff,           )
                              )
    v.                        )  Civ. No. 08-00352 PLF
                              )
UNITED STATES CITIZENSHIP     )
IMMIGRATION SERVICES, et al., )
                              )
         Defendants.          )
```

DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

Defendants respectfully submit, in accordance with LCvR 56.1, the following statement of material facts as to which there is no genuine issue to be tried.

1.  Plaintiff is a citizen of Peru.  Docket Entry No. 1, Complaint at 2, ¶ 3.

2.  He entered the United States in 2001.  Id., at ¶ 5.

3.  Thereafter, the Peruvian Government sought his extradition to face criminal charges there.  Id., at ¶ 11.

4.  Plaintiff was extradited to Peru on April 18, 2008.  Docket Entry No. 20 in the instant case, Memorandum in Opposition to the Motion for a Temporary Restraining Order and a Preliminary Injunction, Exhibit A (Declaration from the U.S. Marshals Service).

5.  In Medelius-Rodriguez v. Bonnie Strickland, 06-hc-02123 (Eastern District of North Carolina), plaintiff sought the issuance of a writ of habeas corpus barring his extradition to

Peru. Judicial notice, Docket Entry No. 1, 06-hc-02123, Eastern District of North Carolina.

6. Included in the petition was the claim that plaintiff's constitutional rights had been violated by a federal government agency that had "instigate[d] the process of extradition when breached the duty of confidentiality." <u>Id.</u>, at page 2 (and docket entry no. 13, response to the government's dispositive motion, where at pages 5 and 6, plaintiff sets forth the same constitutional violation that he asserts in the instant case).

7. The District Court denied plaintiff's habeas petition. Judicial notice, Docket Entry No. 25, 06-hc-02123, Eastern District of North Carolina.

8. Plaintiff appealed this decision, but his appeal was denied by the Fourth Circuit in an opinion that specifically addressed – and rejected – his claim that extradition would violate his constitutional rights. <u>Medelius-Rodriguez v. Strickland</u>, 2007 WL 2985304 (4th Cir. 2007) and judicial notice, minute entry for June 11, 2007, 06-hc-02123, Eastern District of North Carolina.

9. Plaintiff's petition for a writ of certiorari was denied. <u>Medelius-Rodriguez v. Strickland</u>, 128 S.Ct. 1280 (2008) and 128

S.Ct. 1928 (2008).

                       Respectfully submitted,

                       JEFFREY A. TAYLOR, D.C. Bar #498610
                       United States Attorney

                       RUDOLPH CONTRERAS, D.C. Bar #434122
                       Assistant United States Attorney
                               /s/
                       FRED E. HAYNES, DC Bar #165654
                       Assistant United States Attorney
                       555 4th Street, N.W.
                       Washington, D.C. 20530
                       202.514.7201

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

OSCAR ELISEO MEDELIUS-          )
RODRIGUEZ,                      )
                                )
            Plaintiff,          )
                                )
     v.                         )   Civ. No. 08-00352 PLF
                                )
UNITED STATES CITIZENSHIP       )
IMMIGRATION SERVICES, et al.,   )
                                )
            Defendants.         )
```

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Plaintiff filed this declaratory judgment action when he was in a North Carolina jail awaiting possible extradition to Peru. He sought a declaration that his constitutional rights had been violated when the U.S. Citizenship and Immigration Services (USCIS) had disclosed to Peru, through Interpol, that he was in the United States, a disclosure that plaintiff alleges led Peru to seek his extradition.

As long as plaintiff remained in the United States, this action might have led to injunctive relief barring his extradition to Peru. Plaintiff has, however, been extradited to Peru, an event that deprives plaintiff of standing to pursue this case. Additionally, in other litigation, plaintiff's claim that his constitutional rights were violated by USCIS's actions has been rejected, which under the principles relating to former adjudication bars plaintiff's pursuit of this case. The case should be dismissed.

Background

Plaintiff is a citizen of Peru.  Docket Entry No. 1, Complaint at 2, ¶ 3.  He entered the United States in 2001.  Id., at ¶ 5.  A former member of Peru's Congress, he faced charges there of falsification of documents, misrepresentation, embezzlement, and delinquent association.  Medelius-Rodriguez v. Strickland, 2007 WL 2985304 (4th Cir. 2007).  Plaintiff's complaint alleges that plaintiff, in the course of his stay in the United States, provided information to USCIS on his whereabouts, information that plaintiff asserts should not have been revealed to Peru.  The information was, however, released to Peru.  Thereafter, the Peruvian Government sought his extradition to face the criminal charges there.  Docket Entry No. 1, Complaint, at ¶ 11.  Plaintiff was extradited to Peru on April 18, 2008.  Docket Entry No. 20 in the instant case, Memorandum in Opposition to the Motion for a Temporary Restraining Order and Preliminary Injunction, Exhibit A (Declaration from the U.S. Marshals Service).

In Medelius-Rodriguez v. Bonnie Strickland, 06-hc-02123 (Eastern District of North Carolina), plaintiff sought the issuance of a writ of habeas corpus barring his extradition to Peru.  Judicial notice, Docket Entry No. 1, 06-hc-02123, Eastern District of North Carolina.  Included in the petition was the claim that plaintiff's constitutional rights had been violated by a federal government agency that had "instigate[d] the process of

extradition when breached the duty of confidentiality." Id., at page 2 (and docket entry no. 13, response to the government's dispositive motion, where at pages 5 and 6, plaintiff sets forth the same constitutional violation that he asserts in the instant case).

The District Court denied plaintiff's habeas petition. Judicial notice, Docket Entry No. 25, 06-hc-02123, Eastern District of North Carolina. Plaintiff appealed this decision, but his appeal was denied by the Fourth Circuit in an opinion that specifically addressed – and rejected – his claim that extradition would violate his constitutional rights. Medelius-Rodriguez v. Strickland, 2007 WL 2985304 (4th Cir. 2007) and judicial notice, minute entry for June 11, 2007, 06-hc-02123, Eastern District of North Carolina. Plaintiff's petition for a writ of certiorari was denied. Medelius-Rodriguez v. Strickland, 128 S.Ct. 1280 (2008) and 128 S.Ct. 1928 (2008).

Argument

I. Standing

Article III of the Constitution restricts federal judicial power to the resolution of "cases" and "controversies," a requirement that can only be satisfied where a plaintiff has standing. "[I]n order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact (i.e., a "concrete and particularized" invasion of a "legally protected

interest"); (2) causation (i.e. a "'fairly . . . trace[able]'" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is "'likely'" and not "merely 'speculative'" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing the suit. [Citation omitted.]" <u>Sprint Communications Co. V. APCC Services, Inc.</u>, 128 S.Ct. 2531, 2535 (2008).

Where the relief sought by the plaintiff is declaratory or injunctive (here, a declaration that could have led to an injunction against plaintiff's extradition to Peru) the standing doctrine requires that the plaintiff make a reasonable showing that he will again be subjected to the alleged illegality of which he complains. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 110 (1983)(the equitable remedy of injunction is only available where there is a showing of a real or immediate threat that the plaintiff will be wronged again by conduct like the plaintiff is challenging):

> Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional.

461 U.S. at 111.

Because plaintiff has already been extradited to Peru, it is pure speculation as to whether he will ever again be in the

-4-

position of a fugitive from Peruvian justice who is in the United States, thereby facing the possibility again that USCIS will release word of his presence here to the Peruvian government.  It follows that this case should be dismissed due to plaintiff's lack of standing.

   II. Former Adjudication

   One of the great themes of the common law is finality; the principle that once a claim or issue has been fully litigated and decided, the claimant is bound by that decision - he or she cannot endlessly relitigate the matter.  This principle, found in federal common law, has been described by the Supreme Court as follows:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata. [Footnote omitted.] Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. New Hampshire v. Maine, 532 U.S. 742, 748.... Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. Id., at 748-749.... By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions. Montana v. United States, 440 U.S. 147, 153-154 (1979)....

   In the instant case, the claim that the release of information by USCIS to Peru, via Interpol, was actually

litigated in plaintiff's habeas action and was decided against him.  He may not, therefore, relitigate this issue.

### Conclusion

    For the reasons set forth above, this case should be dismissed with prejudice.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, D.C. Bar #498610
                              United States Attorney

                              RUDOLPH CONTRERAS, D.C. Bar #434122
                              Assistant United States Attorney
                                      /s/
                              FRED E. HAYNES,  D.C. Bar #165654
                              Assistant United States Attorney
                              555 Fourth Street, N.W., Rm. E-4110
                              Washington, D.C.  20530
                              (202) 514-7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
OSCAR ELISEO MEDELIELIS-    )
RODRIGUEZ,                  )
                            )
          Plaintiff,        )
                            )
     v.                     )   Civ. No. 08-00352 PLF
                            )
UNITED STATES CITIZENSHIP   )
IMMIGRATION SERVICES, et al.,)
                            )
          Defendants.       )
```

ORDER

Upon consideration of the motion to dismiss or, in the alternative, for summary judgment filed by the defendants, and the entire record of this case, it is hereby

ORDERED that this case is dismissed with prejudice. This is a final, appealable order.

           UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for the defendants

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing motion to dismiss or, in the alternative, for summary judgment to be served by first-class mail, postage prepaid, this 8th day of August, 2008, on:

>Mr. Oscar E. Medelius-Rodriguez
>c/o Felix Perez y/o Amy Alacote
>95 Hamilton Avenue
>Clifton, NJ 07011

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201