IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL ACTION No. 08-0352-PLF

RECEIVED
AUG 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OSCAR ELISEO MEDELIUS RODRIGUEZ   )
         **Plaintiff**                     )
                                         )  ANSWER TO DEFENDANTS'
                 v                       )  MOTION TO DISMISS OR
                                         )  SUMMARY JUDGMENT
THE UNITED STATES CITIZENSHIP AND   )
IMMIGRATION SERVICES (USCIS) et al   )
        **Defendants**                 )

      Now comes the PLAINTIFF, Oscar Eliseo Medelius Rodríguez, to answer the defendants' Motion to Dismiss or Summary Judgment.

## ARGUMENT

**1.-Background.**

      a.- Plaintiff is a Peruvian citizen and former Peruvian congressman.

      b.- On August 2001 Plaintiff came legally to the United States looking for protection against a Peruvian political persecution through the Peruvian Judiciary. **Plaintiff was not a fugitive. He was, and he is, a political persecuted.**

      c.- On December 2001 Plaintiff filed with The United Citizenship and Immigration Services (USCIS) a Political Asylum petition. This petition was never legally denied.

      d.- According with the federal law and to work legally in the United States Plaintiff filed his Employment Authorization Request with The United Citizenship and Immigration Services (USCIS).

      e.- Despite there was an Extradition Treaty between Peru and The United States of America signed in 1899 and entered into force in 1901, no American authorities disclosed Plaintiff's presence in The United States of America to Peru during three (03)

1

years. Plaintiff always used his genuine identity, obtained professional licenses in Florida and North Carolina and his driver's license in the same states.

f.- On August 2003 The United States' Senate ratified a new Extradition Treaty between Peru and The United States of America.

g.- On August 2003 The United Citizenship and Immigration Services (USCIS) disclosed to Peru through INTERPOL Plaintiff's presence in the United States using personal and confidential Plaintiff's information released by the plaintiff to The United Citizenship and Immigration Services (USCIS) in an Employment Authorization Proceedings with the same agency.

h.- Peru began extradition petition violating the Peruvian extradition law and international covenants on human rights. Regrettably and according with the American "non-inquiry rule" Plaintiff could not exercise his human rights in federal court.

i.- Plaintiff filed this Declaratory Judgment petition on February 27, 2008 when he was physically in the United States of America.

j.- Plaintiff was extradited to Peru on April 18, 2008.

## 2.- Nature of Plaintiff's petition in this action.

Plaintiff is requesting a Declaratory Judgment about the unconstitutional conduct of The United Citizenship and Immigration Services (USCIS) when disclosed to Peru through INTERPOL his presence in the United States, using information released by the Plaintiff to The United States Citizenship and Immigration Services (USCIS) in an Employment Authorization Proceedings under guarantee of privacy and confidentiality.

## 3.- Reasons to deny Defendants" Motion to Dismiss.

a.- Plaintiff was in the United States of America when this action was begun.

b.- The argument that Plaintiff is barred to obtain a declaratory judgment in an action filed before his extradition because he was extradited , it would be an abuse of law.

c.- This possibility must be rejected because the Executive branch cannot have the power to avoid remedies against the violation of constitutional rights by the sole extradition or deportation of aliens despite that the Executive has violated the alien's constitutional rights when the victim has been in the United States.

d.- Nobody is claiming to avoid deportation or extradition after a political decision of the American Government. There's not an asylum constitutional right but there is a privacy right as constitutional rule and due process as constitutional guarantee.

e.- If an alien has been extradited or deported as a consequence of his/her constitutional rights' violations he has the constitutional right to claim a declaratory judgment .

f.- In this case Plaintiff is not claiming to avoid extradition. His only petition is a Court declaratory about the constitutional rights of privacy and due process around his employment authorization request.

g.- The Defendant's petition to dismiss should be denied because the government power has a limit in the individual rights conferred by the Constitution.

### 4.- There is no RES-IUDICATA Authority against Plaintiff's petition.

a.- Defendant is arguing that the matter of Plaintiff's petition has been solved in Medelius-Rodriguez v Strickland, 06-HC-02123 ( Eastern District of North Carolina) and 2007-WL-2985304 ( 4th Cir, 2007). This is false.

b.-In the Habeas Corpus petition - Medelius-Rodriguez v Strickland, 06-HC-02123 ( Eastern District of North Carolina)- the Petitioner ( now Plaintiff ) claimed a Code of Federal Regulations ( C.F.R. 208.5) violation. With reference to this claim

based on **asylum regulations** there was not an express rejection which is implying that the denied was without prejudice. Based in this court decision this claim is not barred by principles of res-iudicata and collateral estoppel.

c.- Furthermore, Plaintiff is requesting in this complaint a Court declaratory judgment in a new matter : **CONSTITUTIONAL VIOLATIONS IN EMPLOYMENT AUTHORIZATION PROCEEDINGS ( 18 U.S.C. 1324a ).** These violations are arguments totally different to the asylum violations claim in the Habeas Corpus - Medelius-Rodriguez v Strickland, 06-HC-02123 ( Eastern District of North Carolina) – and they are not affected by the principles of res-iudicata and collateral estoppel.

d.- Then in the Court of Appeals the decision says: "Extradition would not violate Medelius constitutional rights"- 2007-WL-2985304 ( 4th Cir, 2007) . This is with reference to the extradition proceedings itself , but it is not excluding constitutional violations committed to produce the extradition petition.

e.- In American law the due process is more that a "fair trial", no more the Ker-Frisbie Rule is applicable. Since Rochin v California, Mapp v Ohio....due process have been extended to the government actions to bring the accused to trial.

f.-This is the case in this petition. The only agency forbidden to disclose the plaintiff's presence in the United States was The United States Citizenship and Immigration Services (USCIS), but the agency which disclosed plaintiff's presence in the United States was The United States Citizenship and Immigration Services (USCIS). For this purpose this agency disclosed plaintiff's information obtained under a pledge of privacy and confidentiality

### 5.- Constitutional Rights Violations : The Evidence.

a.- Exhibits to prove the government unconstitutional conduct and abuse of power were attached with the complaint.

4

### 6.-Petition.

a.- When an individual came to the United States looking for humanitarian protection against political persecution he/she is showing confidence to this Nation, its Law, its institutions and its authorities. When this confidence is betrayed with constitutional violations a remedy should be done.

b.- The United States Citizenship and Immigration Services (USCIS) cannot use the asylum protection for political purposes. In this case it is clear that this agency used the asylum petition to keep Plaintiff in this country until the new Extradition treaty entered into force in 2003 and then used private information to inform Peru about his presence. Without this disclosure Peru would have never began the extradition against Plaintiff, a political persecuted who never was hidden. He came legally to the United States, he always used his real identity, obtained with his name notary title, real state and insurance licenses and driver's license in North Carolina and Florida. His confidence guaranteed by the Constitution and federal law was betrayed in the "Rule of the Law's Nation".

## CONCLUSION

According with Plaintiff's reasons the Defendant's Motion to Dismiss should be denied, and the Declaratory Judgment should be granted establishing that The United States Citizenship and Immigration Services violated Plaintiff's constitutional rights of Privacy and Due-Process when that agency disclosed to Peru thorough INTERPOL the Plaintiff's presence in the United States using for that purposes information obtained from an employment authorization proceedings which has been disclosed by the Plaintiff under a pledge of confidentiality, conduct forbidden by federal law which implies serious constitutional violations.

Respectfully submitted,

OSCAR ELISEO MEDELIUS RODRIGUEZ
95 Hamilton Avenue
Clifton, NJ 07011

5

## CERTIFICATE OF SERVICE

I Hereby Certify That I Caused A Copy Of The Foregoing Answer To The Defendants Motion To Dismiss Or Summary Judgment To Be Served By First-Class Mail, Postage Prepaid, This August 20, 2008, On:

FRED E. HAYNES, D.C. BAR 165654
ASSISTANT UNITED STATES ATTORNEY
555 4TH STREET, N.W., ROOM E-4110
WASHINGTON, D.C. 20530

OSCAR ELISEO MEDELIUS RODRIGUEZ
95 Hamilton Avenue
Clifton, NJ 07011