UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
OSCAR ELISEO MEDELIUS RODRIGUEZ,        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 08-352 (PLF)
                                        )
UNITED STATES CITIZENSHIP AND           )
IMMIGRATION SERVICE,                    )
                                        )
            Defendant.                  )
_____)


<u>MEMORANDUM OPINION</u>

            Plaintiff Oscar Eliseo Medelius Rodriguez filed this *pro se* complaint seeking a

declaratory judgment that the defendant's alleged disclosure of his whereabouts in the United

States was a violation of his Fourth Amendment right to privacy and his Fifth Amendment right

to due process.  The defendant, the United States Citizenship and Immigration Service

("USCIS") has filed a motion to dismiss or for summary judgment.  Because the plaintiff lacks

standing to seek a declaratory judgment, and because the claims presented are barred by the

doctrine of *res judicata,* the defendant's motion to dismiss will be granted and his complaint will

be dismissed.  In addition, the plaintiff's motion for appointed counsel will be denied.


I.  BACKGROUND

            The complaint states that it "is a declaratory judgment action . . . seeking a court

pronouncement about the violation of [plaintiff's] constitutional rights."  Compl. at 1.  Plaintiff is

a Peruvian national admitted to the United States on a non-immigrant visa on July 31, 2001.  *Id.*

¶¶ 3, 5.[1]  On August 31, 2001, the Attorney General of Peru named plaintiff in an Extended

Criminal Complaint.  Slip op., *Medelius-Rodriguez v. Strickland,* Case No. 06-HC-2123-D, at 2

(E.D.N.C. Mar. 16, 2007).  In November 2001, plaintiff applied for political asylum to the United

States and was granted permission to remain in the United States until his application was

decided.  Compl. ¶¶ 6, 7.  The permission to remain in the United States included a directive that

plaintiff keep the United States Department of Justice's Immigration and Naturalization Service

informed of his current address.  *Id.* Ex. 1.  In August 2002, plaintiff submitted to the USCIS an

Application for Employment Authorization, that is, for a work permit; he renewed his application

in May 2003.  *Id.* ¶¶ 8, 9 & Ex. 2.

        According to the complaint, in or about August 2003, the USCIS disclosed

plaintiff's whereabouts to INTERPOL, the International Criminal Police Organization, which

resulted in the Peruvian government learning of his location in the United States.  Compl.  ¶¶ 10,

11 & Exs. 4, 5.  On November 23, 2004, the Embassy of Peru in Washington, D.C., submitted a

Diplomatic Note to the United States Department of State, requesting plaintiff's extradition.

Slip. op., *Medlius-Rodriguez v. Strickland*, at 2-3.  On February 7, 2006, plaintiff was arrested in

North Carolina on an extradition complaint.  *Id.* at 3.  He was present and represented by counsel

at his extradition hearing before United States Magistrate Judge Webb in the Eastern District of

North Carolina; the magistrate judge certified his extradition.  *Id.*  Plaintiff then challenged the

---

[1] In two subsequent submissions, both of which are presented as "affidavits," and neither of which exhibit the formal requirements of either an affidavit or a declaration made under 28 U.S.C. § 1746, plaintiff states that he arrived in August 2001 and filed for asylum in December 2001.  These discrepancies are immaterial to this decision.  The undated and unsworn "affidavits" will be construed and treated as supplements to plaintiff's opposition, but cited herein as affidavits because they are so identified on the record.

decision through a petition for a writ of *habeas corpus,* which was denied by United States

District Judge Thomas Dever in the Eastern District of North Carolina.  *Id.* at 3, 13.  The United

States Court of Appeals for the Fourth Circuit affirmed the denial of the habeas petition.

*Medelius-Rodriguez v. Strickland,* 2007 WL 2985304 (4th Cir. Oct. 15, 2007).  On April 18,

2008, while this case was pending, plaintiff was extradited to Peru.

    Plaintiff's complaint asserts that the USCIS' disclosure of plaintiff's whereabouts

to INTERPOL violated the statutory privacy and use provisions codified at 8 U.S.C.

§ 1324a(b)(5) and (d)(2)(C) - (F).  Compl. ¶¶ 13, 19(a).[2]  On this basis, plaintiff alleges

violations of his Fourth Amendment right to privacy and of his Fifth Amendment right to due

process.  *Id.* ¶¶ 12, 18.   The complaint seeks only a declaratory judgment, not damges.  *Id.* at 8.

It does not allege that future disclosures of the sort alleged are likely.

---

[2]  On their face, these provisions do not appear to apply to information provided in either
an application for political asylum or an application for work authorization.  Section 1324a
relates specifically to the Employment Verification System, prohibiting the unlawful employment
of aliens.  By its own terms, Section 1324a(b)(5) applies only to the attestation forms designated
by the Attorney General for use in conjunction with the Employment Verification System.  It
provides that the attestation forms identified in Section 1324a(b)(1) and (b)(2), and any
information contained in those forms, "may not be used for purposes other than for enforcement
of this chapter [prohibiting the employment of unlawful aliens] and sections 1001, 1028, 1546
and 1621 of Title 18."  8 U.S.C. § 1324a(b)(5).  The other provisions cited by plaintiff are found
codified in Section 1324a(d)(2), which addresses privacy and use restrictions on any changes to
the Employment Verification System that the President might propose to implement.  *See* 8
U.S.C. § 1324a(d)(2)(C) - (F).  Plaintiff offers a purely conclusory allegation that "the disclosure
was of information obtained from the plaintiff for exclusive[] use in the Employment
Verification System and under a pledge of confidentiality."  Compl. at 5 (unnumbered paragraph
preceding ¶ 12).  Considering the plain language of Section 1324a and plaintiff's Applications
for Employment Authorization, which are appended to plaintiff's complaint, the complaint's
conclusory allegation — that his information was submitted for exclusive use in the
Employment Verification System — appears to have no factual support in the record.

## II.  DISCUSSION

### A.  Standing

A federal court is limited by the Constitution to considering matters that present a case or controversy.  U.S. Const. art. III, § 2.  Standing is one of the justiciability doctrines that has developed to give meaning to Article III's case or controversy requirement.  *Nat'l Treas. Employees Union v. United States,* 101 F.3d 1423, 1427 (D.C. Cir. 1996).  A question of Article III standing is a question of subject matter jurisdiction.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) ("Subject matter jurisdiction, then, is an Art. III as well as a statutory requirement[.]")  "A plaintiff — even a *pro se* plaintiff — bears the burden of establishing that the Court has subject matter jurisdiction."  *Price v. College Park Honda,* Civil Action No. 05-624 (PLF), 2006 WL 1102828, *6 (D.D.C. Mar. 31, 2006) (citing *Rosenboro v. Kim,* 994 F.2d 13, 17 (D.C. Cir. 1993); *District of Columbia Retirement Bd. v. United States,* 657 F. Supp. 428, 431 (D.D.C. 1987)).

In deciding a motion to dismiss for lack of subject matter jurisdiction, a court may consider materials outside the pleadings to assist in determining whether it has jurisdiction.  *Herbert v. National Academy of Sciences,* 974 F.2d 192, 197 (D.C. Cir. 1992) ("[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").  "While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions."  *Price v. College Park Honda,* 2006 WL 1102828, *5 (citing *Primax Recoveries, Inc. v. Lee,* 260 F. Supp. 2d 43, 47

(D.D.C. 2003); *see also Nat'l Treas. Employees Union*, 101 F.3d at 1430 (noting that "there is a difference between accepting a plaintiff's allegations of fact as true and accepting as correct the conclusions plaintiff would draw from such facts").

Article III standing requires that a plaintiff have suffered an (1) injury in fact, which is an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that is fairly traceable to the challenged act; and (3) that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). In addition, to have standing "[t]o pursue . . . a declaratory judgment," a plaintiff "must allege a likelihood of future violations of [his] rights" by the defendant. *Fair Employment Council of Greater Washington v. BMC Mktg. Corp.,* 28 F.3d 1268, 1273 (D.C. Cir. 1994).

Without considering whether plaintiff's complaint alleges facts sufficient to meet the first two requirements for standing, it is clear that it fails to meet the third requirement. A declaratory judgment that the defendant violated plaintiff's rights would not provide any redress for plaintiff's claimed injuries of the USCIS's past violations of his privacy and due process rights. As a pronouncement coupled with no other remedy, it provides no relief for this plaintiff. Plaintiff has not alleged that the disclosure violations are likely to occur again in the future. Instead, plaintiff has argued that he "needs this Declaratory Judgment to claim damages against the agency and [its] agents and/or employees. With the possibility to claim damages the third requirement[, r]edressability[,] has been met." Aff. of Medelius-Rodriguez, (undated) filed Sept. 11, 2008, at 9.

Plaintiff's redressability argument is frivolous.  Plaintiff, an attorney, *see* Slip op.,
*Medelius-Rodriguez v. Strickland* at 2, surely knows that a judicial declaration of wrongdoing is
not a prerequisite for filing a complaint for damages.  (If this were the case, there would be two
judicial actions for every damages award.)  Indeed, plaintiff filed an action for damages in 2007
against the USCIS and certain unnamed employees for this same disclosure without first seeking
a declaratory judgment.  *See Medelius-Rodriguez v. USCIS et al.,* Civil Action No. 07-
4039DMC, 2008 WL 544702 (D.N.J. Feb. 28, 2008) (dismissing plaintiff's claims under *Bivens*
and the FTCA).  Because it is clear that a favorable decision in this suit is not likely to redress
plaintiff's alleged privacy and due process injuries, plaintiff does not have standing to bring this
suit for a declaratory judgment.  Therefore, this Court will dismiss the complaint for want of
jurisdiction.

### B.  Res judicata

Defendant also argues that this case should be dismissed under the doctrine of *res
judicata.*  Under the principles of *res judicata*, "a final judgment on the merits of an action
precludes the parties or their privies from relitigating issues that were or could have been raised
in that action."  *Allen v. McCurry,* 449 U.S. 90, 94 (1980)*; see also Marrese v. American
Academy of Orthopaedic Surgeons,* 470 U.S. 373, 376 n.1 (1985) (stating that its purpose is to
prevent "litigation of matters that should have been raised in an earlier suit").  The doctrine's
goal is to promote the finality of judicial determinations, to foster reliance on judicial decisions
by minimizing the possibility of inconsistent decisions, to conserve judicial resources, and to
spare adversaries the vexation and expense of redundant litigation.  *See Montana v. United*

*States,* 440 U.S. 147, 153 (1979). It embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Communications. Inc. v. FCC,* 407 F.3d 1223, 1229 (D.C. Cir.2005) (emphasis in the original, internal quotation marks and citation omitted). In short, parties "may not relitigate any ground for relief which they already have had an opportunity to litigate — even if they chose not to exploit that opportunity" in the prior suit. *Page v. United States,* 729 F.2d 818, 820 (D.C. Cir. 1984).

The parameters of the *res judicata* bar are determined by the plaintiff's cause of action. *Apotex Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004) ("[A] judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action."). The cause of action "is the facts surrounding the transaction or occurrence, . . . not the legal theory upon which a litigant relies." *Id.* Thus, an action based on the same nucleus of facts as that of a prior action is said to share the same cause of action, and therefore is barred by *res judicata,* even if the latter action is predicated on a different legal theory. *Res judicata* bars a claim that could have been brought in a prior suit based on the same nucleus of facts, but was not.

The claims asserted here arise from the same cause of action as the claims asserted in plaintiff's first *habeas* petition, where violations of plaintiff's Fifth and Fourteenth Amendment due process rights were alleged. *See* Compl., *Medelius-Rodriguez v. Strickland,* Case No. 06-HD-2123-H, at 2-3 (E.D.N.C. Jul. 24, 2006). It appears that the court in the *habeas* case rejected plaintiff's constitutional claims when it stated that "petitioner's multitude of other arguments do not warrant discussion. Suffice it to say that the arguments lack merit, and the

court rejects them."  Slip op., *Medelius-Rodriguez v. Strickland,* at 12 n. 4.  Subsequently, when

plaintiff appealed the denial of his *habeas* petition, the court of appeals concluded that

"extradition would not violate Medelius's constitutional rights."  *Medelius-Rodriguez v.

Strickland,* 2007 WL 2985304, *1.  This same cause of action also gave rise to plaintiff's suit for

damages filed in 2007 in the United States District Court for the District of New Jersey.  *See

Medelius-Rodriguez v. USCIS et al.,* 2008 WL 544702.[3]  It short, it is clear that plaintiff already

had an opportunity to litigate his constitutional claims for relief and therefore *res judicata* bars

him from doing so here again.  *Page v. United States,* 729 F.2d at 820.  The Court will dismiss

the complaint with prejudice.

III.  CONCLUSION

For the foregoing reasons, the Court will grant defendant's Motion to Dismiss.

An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 23, 2009

---

[3]  Still another action filed on the basis of this same cause of action and asserting a Fourth
Amendment claim was voluntarily dismissed under Fed. R. Civ. P. 41(a)(1).  *See* Notice of
Dismissal, *Medelius-Rodriguez v. Reavis et al.,* Case No. 07-HC-2190-H (E.D.N.C. Apr. 7,
2008).  As such, it does not provide grounds to apply the *res judicata* bar.